**Thomas Freedman** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
610 SW Alder Street, Suite 800
Portland, OR  97205
(503) 295-6296

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| MATTHEW RAY McGAUGH,<br><br>                        *Plaintiff*,<br><br>              v.<br><br>CITY OF PORTLAND; STATE OF OREGON; OSP Sgt. KENNETH TERRY; OSP Tpr. WESLEY LINHART; OSP Tpr. MAC MARSHALL; OSP Trp. MICHAEL KENDOLL; OSP Tpr. JEFFERY FREITAG; OSP Cap. CASEY CODDING; PPB Asst. Chf. RYAN LEE; PPB Sgt. JEFFREY McDANIEL; JOHN and JANE DOES 1-10,<br><br>                        *Defendants*. | Case No. 3:19-CV-00457-BR<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, as and for his complaint, alleges as follows:

**Nature of the Action**

1.  During the Presidential Inauguration Day protests on January 20, 2017, defendant police officers falsely arrested plaintiff while he was exercising his protected rights under the First Amendment, and subjected plaintiff to unnecessary and excessive force causing him injuries.

2.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover monetary damages for deprivation of his constitutional rights as guaranteed by the First, Fourth,

Fourteenth Amendments and *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), as well as a common law claims for assault and battery and false arrest, and attorney's fees pursuant to 42 U.S.C. § 1988.

## Parties

3. Plaintiff is a natural person and a resident of the state of Oregon.

4. Defendant City of Portland is a city located in Oregon.

5. Defendant State of Oregon is a sovereign state.

6. Defendant Kenneth Terry is a natural person and a resident of Oregon. At all relevant times, defendant Terry was a Sergeant with the Oregon State Police ("OSP") and was acting under color of state law.

7. Defendant Wesley Linhart is a natural person and a resident of Oregon. At all relevant times, defendant Linhart was a Trooper with the OSP and was acting under color of state law.

8. Defendant Mac Marshall is a natural person and a resident of Oregon. At all relevant times, defendant Marshall was a Trooper with the OSP and was acting under color of state law.

9. Defendant Michael Kendoll is a natural person and a resident of Oregon. At all relevant times, defendant Kendoll was a Trooper with the OSP and was acting under color of state law.

10. Defendant Jeffery Freitag is a natural person and a resident of Oregon. At all relevant times, defendant Freitag was a Trooper with the OSP and was acting under color of state law.

11. Defendant Casey Codding is a natural person and a resident of Oregon. At all

relevant times, defendant Freitag was a Lieutenant with the OSP and was acting under color of state law.

12.   Defendant Ryan Lee is a natural person and a resident of Oregon. At all relevant times, defendant Lee was a lieutenant with the Portland Police Bureau ("PPB") and was acting under color of state law.

13.   Defendant Jeffrey McDaniel is a natural person and a resident of Oregon. At all relevant times, defendant McDaniel was a sergeant with PPB and was acting under color of state law.

14.   Jane and John Does 1 10 are employees of OSP and PPB.

15.   The defendants in paragraphs 6-14 are collectively referred to as the "Individual Defendants."

16.   Plaintiff has complied with all applicable notice and statutory requirements of the Oregon Tort Claims Act.

17.   Defendants removed this case to federal court.

## Factual Allegations

18.   The events in this lawsuit occurred on January 20, 2017, during the Presidential Inauguration Day protests in downtown Portland, Oregon.

19.   During the protest, plaintiff and his fiancé crossed the street at SW 6th and SW Yamhill with the consent and permission of the police. Traffic had been shut down by the police for several hours.

20.   Plaintiff then exercised his rights under the First Amendment and Article I, section 8 of the Oregon Constitution by standing peacefully with has back to a line of militarized police officers and displaying peace signs with his fingers in the direction of the

610 SW Alder Suite 800, Portland, OR  97205
(503) 295-6296; thomas@prllaw.com

Page **3** of **9**
First Amended Complaint

protesters.

21. At all relevant times, plaintiff was non-violent, passive, and exercising his constitutionally protected rights to expression, speech, petition, and political protest.

22. At some point, the Individual Defendants unlawfully and repeatedly shot plaintiff with rubber bullets and subjected him to tear gas, causing him injuries.

23. Then, defendants Kendoll, Codding, Marshall, Freitag, and others unlawfully and unreasonably tackled, dragged, assaulted, and handcuffed plaintiff, causing further injuries, including broken ribs, damage to his knees, trauma, and other injuries.

24. The Individual Defendants also falsely detained, arrested and imprisoned plaintiff, and maliciously prosecuted him on false charges.

25. The false arrest was ordered by defendants McDaniel, Codding, and Terry.

26. Defendant Lee was the Operations Section Chief in charge of shutting down the political protest and implementing the unconstitutional policies in this case.

27. Based on the Individual Defendants' false allegations and charges, plaintiff was prosecuted in Multnomah County Circuit Court for one count of Disorderly Conduct in the Second Degree and one count of Interfering with a Peace Officer.

28. On December 14, 2017, a jury acquitted plaintiff of both counts.

29. As a direct, proximate and foreseeable result of defendants' unlawful conduct, plaintiff suffered deprivation of his constitutional rights, injury, harm, pain and suffering, and compensable economic and noneconomic damages.

30. At all relevant times, defendants' conduct was malicious, willful, wanton, egregious and/or reckless.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Excessive Force – 4th Amendment)**
**(Against Defendants Kendoll, Codding, Marshall, and Freitag,**
**in Their Individual Capacities)**

31. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

32. As set forth with particularity above, defendants Kendoll, Codding, Marshall, and Freitag used excessive and unreasonable force under the circumstances against plaintiff in violation of his 4th Amendment rights to be secure in his person.

33. As a direct, proximate and foreseeable result of these defendants' conduct, plaintiff suffered deprivation of his constitutional rights, injuries, harm, pain and suffering, and compensable economic and noneconomic damages.

34. Defendants' conduct was malicious, willful, wanton, reckless and/or egregious.

**SECOND CAUSE OF ACTION**
**(Assault and Battery – Common Law)**
**(Against the City of Portland and State of Oregon)**

35. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

36. Defendants engaged in intentional attempts to do violence to the person of plaintiff, coupled with the present ability to carry the intentions into effect.

37. Defendants engaged in voluntary acts that caused intentionally harmful and offensive contact with plaintiff, including shooting plaintiff with rubber bullets, subjecting him to tear gas, and unreasonably tackling, dragging, assaulting, and handcuffing plaintiff, and other acts of force, violence and intimidation.

38. As a direct, proximate and foreseeable result of defendants' conduct, plaintiff suffered deprivation of his constitutional rights, injury, harm, pain and suffering, and

compensable economic and noneconomic damages.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Unlawful Seizure - 4th Amendment)
### (Against Individual Defendants, in Their Individual Capacities)

39. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

40. The Individual Defendants, by their actions set forth herein, falsely arrested, detained and/or seized plaintiff without probable cause or reasonable suspicion.

41. The Individual Defendants acts and omissions deprived plaintiff of his liberty interest in freedom and being free from unlawful seizures.

42. As a direct, proximate and foreseeable result of the Individual Defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983:  1st Amendment – Denial of Right to Speech, Assembly and Petition)
### (Against the Individual Defendants, in Their Individual Capacities)

43. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

44. At all relevant times, plaintiff was exercising his constitutionally-protected First Amendment rights to freedom of speech, assembly, petition, and political expression.

45. The Individual Defendants unlawfully interfered with and deprived plaintiff of his First Amendment rights by wrongfully arresting, detaining and abusing plaintiff for his speech-related activities.

46. The Individual Defendants unlawfully punished, arrested, abused, beat and harassed plaintiff due to the content and point-of-view of his speech and political views, which

were the substantial motivating factor behind their unlawful conduct.

47. As a direct, proximate and foreseeable result of the Individual Defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

**FIFTH CAUSE OF ACTION**
**(False Arrest and Imprisonment)**
**(Against City of Portland and State of Oregon)**

48. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as if fully set forth herein.

49. Defendants wrongfully arrested and confined plaintiff.

50. Defendants intended the acts that caused the arrest and confinement.

51. Plaintiff was aware of the arrest and confinement.

52. The arrest and confinement were unlawful under Oregon law and not privileged.

As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

**SIXTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 -- *Monell* Claims)**
**(Against City of Portland)**

53. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

54. At all relevant times, the City adopted one or more policies, customs or practices whereby the City unlawfully shut down peaceful political protests and demonstrations.

55. Under the City's policies, customs and practices, the City unlawfully interfered with and suppressed the First Amendment rights of protestors and demonstrators, including

plaintiff.

56.    The City's policies, customs and practices violated the First Amendment; Article I, Section 8 of the Oregon Constitution; well-settled case law from the 9th Circuit and Oregon state courts; Oregon statutes, regulations and administrative rules; and other clearly-established law.

57.    At all relevant times, the City enforced its policies, customs and practices indiscriminately, capriciously, unevenly, unfairly, and more strictly than as written, and more broadly and vaguely than is allowed under the First Amendment, 9th Circuit and Oregon state case law, the Oregon Constitution, Oregon statutes and administrative rules, and other well-established authority.

58.    At all relevant times, the City failed or refused to adequately train its officers, including the Individual City Defendants, concerning its unlawful policies, customs and practices regarding shutting down protests and demonstrations, and enforcing the same.

59.    At all relevant times, the City deliberately or consciously disregarded plaintiff's (and others) federally-protected rights under the First Amendment.

60.    At all relevant times, as a matter of both policy and practice, the City directly encouraged and is thereby the moving force behind the very type of misconduct at issue herein by failing to adequately train, supervise and control its officers and employees.

61.    At all relevant times, the City allowed and/or encouraged its supervisors and employees to enforce, implement, pursue and actively administer its unlawful and unconstitutional policies, customs and practices.

62.    As a direct, proximate and foreseeable result of the execution of the City's policies, customs or practices, plaintiff suffered extensive deprivation of constitutional rights –

including under the First Amendment – and injury, harm, and compensable economic and noneconomic damages.

### Jury Demand

63. Plaintiff demands a trial by jury on all claims so triable.

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

(i) on all causes of action, awarding plaintiff compensatory damages in the amount of $100,000;

(ii) on causes of action one, three, four, and six, awarding plaintiff his reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

(iii) on causes of action two and five, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permitted under the Oregon Tort Claims Act;

(iv) on all causes of action, awarding plaintiff his costs, disbursements, prevailing party fees, enhanced prevailing party fees, reasonable attorney's fees, and statutory interest to the fullest extent permitted by applicable law; and

(v) for such other and further relief as the Court may deem just, equitable and proper.

Dated: May 8, 2019

                        PEARL LAW LLC

                        By: /s/ *Thomas Freedman*
                            **Thomas Freedman** (OSB No. 080697)
                            610 SW Alder St Suite 800
                            Portland, OR 97205
                            thomas@prllaw.com
                            *Attorney for Plaintiff*