ASHLEY M. CARTER, OSB #165397
Deputy City Attorney
ashley.carter@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,
PPB Asst. Chf. Ryan Lee, and PPB Sgt. Jeffrey
McDaniel*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MATTHEW RAY MCGAUGH, | 3:19-cv-00457-BR |
| **PLAINTIFF,** | |
| | **NOTICE OF SETTLEMENT** |
| v. | |
| CITY OF PORTLAND; STATE OF OREGON; OSP Sgt. KENNETH TERRY; OSP Tpr. WESLEY LINHART; OSP Tpr. MAC MARSHALL; OSP Trp. MICHAEL KENDOLL; OSP Tpr. JEFFERY FREITAG; OSP Cap. CASEY CODDING; PPB Asst. Chf. RYAN LEE; PPB Sgt. JEFFREY McDANIEL; JOHN and JANE DOES 1-10, | |
| **DEFENDANTS.** | |

Pursuant to ORS 17.095, the City of Portland notifies the Court that this action has been

settled pursuant to the terms of a Release and Hold Harmless Agreement, a copy of which is

attached hereto as *Exhibit 1*.

Dated: August 28, 2019

Respectfully submitted,

ASHLEY M. CARTER, OSB #165397
Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants City of Portland,
PPB Asst. Chf. Ryan Lee, and PPB Sgt. Jeffrey
McDaniel*

Page 1 – NOTICE OF SETTLEMENT

# RELEASE AND HOLD HARMLESS AGREEMENT

## I.

FOR THE SOLE CONSIDERATION of the sum of fifteen thousand dollars ($15,000.00) consisting of $5,000 from the City of Portland and $10,000 from the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), the undersigned Matthew Ray McGaugh, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns, hereby releases and forever discharges the City of Portland, the State of Oregon, OSP Sgt. Kenneth Terry, OSP Tpr. Wesley Linhart, OSP Tpr. Mac Marshall, OSP Tpr. Michael Kendoll, OSP Tpr. Jeffrey Freitag, OSP Cap. Casey Codding, PPB Asst. Chf. Ryan Lee, PPB Sgt. Jeffrey McDaniel, John and Jane Does 1-10, their agents, officers, employees, officials, and all other persons, firms, corporations, or other entities liable or who might be claimed to be liable (collectively hereafter "Defendants") from any and all claims for damages and/or injuries, whether known or unknown, from or relating to Plaintiff's arrest and alleged injuries during the Inauguration Day protest occurring on or about January 20, 2017, in Portland, Oregon.

The release, and discharge described above ("Release") includes any claims against the Defendants arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

## II.

IT IS UNDERSTOOD AND AGREED that the payment made to the undersigned under this agreement is not to be construed as an admission of liability. The Defendants expressly deny liability to the undersigned, or any other person for injuries or damages arising out of the aforementioned incident.

## III.

IT IS FURTHER UNDERSTOOD AND AGREED that this agreement releases the Defendants from any and all claims arising out of the above-described causes of action, and claims against the proceeds of said action including, but not limited to, medical liens, hospital liens, Social Security Administration liens, MediCare liens, workers' compensation liens, liens of the State of Oregon Department of Human Services and all other liens against the above described causes of action at the time of execution hereof. Further, Plaintiff will defend, indemnify and hold harmless the Defendants from and against all such lien and subrogation claims brought against the Defendants.

*EXHIBIT 1*

# IV.

A. The Parties agree that the settlement payment shall not be made until the status of any payments to Medicare is resolved, as follows:

    (a) If the Defendants, including Risk Management, receive information from Medicare that plaintiff is not a Medicare beneficiary, or if plaintiff provides the Defendants with a copy of a Medicare Zero Interest letter, the Defendants, including Risk Management, will promptly, upon receipt of such information, disburse the settlement payment. Should the need for a Zero Interest letter arise, it will be plaintiff's responsibility to provide Risk with a Zero Interest letter prior to any disbursement of funds.

    (b) If the Defendants, including Risk Management, receive information from Medicare that plaintiff is a Medicare beneficiary, or if plaintiff cannot provide Risk with a Zero Interest letter, then plaintiff is required to provide a Medicare Final Demand Letter from Medicare. It shall be plaintiff's sole obligation to obtain a Final Demand Letter.

    (c) Once the Medicare Final Demand Letter is provided, the Defendants, including Risk Management, will issue a check directly to Medicare in the amount set forth in the Final Demand Letter. The Defendants, including Risk Management, will then pay plaintiff the amount which reflects the net balance of the settlement payment after payment to Medicare. If the Final Demand Letter amount is greater than the settlement payment, then plaintiff shall take affirmative steps to negotiate with Medicare as to any balance and will defend, indemnify and hold harmless the Defendants for any amounts Medicare seeks in excess of the amount of the settlement payment. Until such time as plaintiff has resolved any excess issue, the settlement payment shall not be made. Under no circumstances will the total amount paid by the Defendants, including Risk Management, exceed the total settlement payment.

    (d) Plaintiff waives, releases, and forever discharges the Defendants from any obligations for any claim or future claim, known or unknown, arising out of the failure of the Defendants to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Defendants for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

B. Matthew Ray McGaugh shall provide a final payment letter to Defendants indicating that the interests of CMS have been resolved prior to receiving any portion of the settlement payment set forth in section I of this Agreement.

C. In consideration of the payments set forth in the Settlement Agreement, Matthew Ray McGaugh waives, releases, and forever discharges the Defendants from any obligations for any claim, known or unknown, arising out of the failure of the Defendants to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. § 1395y(b)(2)(B)(ii).

D. Matthew Ray McGaugh understands this settlement may impact, limit or preclude his right or ability to receive future Medicare/CMS benefits arising out of the injuries alleged, and nevertheless wishes to proceed with the settlement.

*EXHIBIT 1*

E.     The parties have attempted to resolve this matter in compliance with both state and federal law and have considered Medicare's interests. Matthew Ray McGaugh has concluded that a Medicare Set-Aside ("MSA") is not required or appropriate in this matter. It is not the intention of the parties to shift responsibility for payment of future medical expenses to Medicare pursuant to 42 U.S.C. § 1395y(b) or the Federal Government.

F.     Should any person or entity not a party hereto challenge the validity of this Settlement Agreement, or any term thereof, pursue recovery of monies from any of the Defendants or bring a claim or claims against the Defendants arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to the injuries claimed in this action, Matthew Ray McGaugh shall provide to the Defendants such cooperation and assistance as the Defendants may reasonably request in order to resist such a challenge or defend such a claim.

## V.
THE UNDERSIGNED AGREES AND WARRANTS that all expenses incurred to date or which will be incurred in the future, which are related in any way to claims being released herein, have either been paid or will be paid from the proceeds of this settlement and that Matthew Ray McGaugh will hold the Defendants, their agents, employees, and assigns harmless from any claim for any such expense whenever incurred and, if any suit is filed against the Defendants to collect such claim, Matthew Ray McGaugh will accept the tender of defense of any such claim, defend it at his expense and pay any judgment entered therein and agree to compensate the Defendants for any expense or liability incurred as a result of the filing of such suit.

## VI.
THE UNDERSIGNED HEREBY DECLARES that he read this Release and Hold Harmless Agreement and that it is fully understood and voluntarily accepted for the purpose of making a full and complete settlement and compromise of any and all claims arising out of the above-described incident, in whatever legal form or theory he might assert, whether disputed or otherwise, and in particular including, but not limited to, those matters set forth in the complaint of Matthew Ray McGaugh in the United States District Court, Portland Division entitled:

**IT IS SO AGREED TO BY THE PARTIES:**

_____
MATTHEW RAY MCGAUGH
Plaintiff

DATED this ___ day of August, 2019.

_____
[Doug Leyshock]
[Oregon Department of Administrative Services]

DATED this 6th day of August, 2019.

*EXHIBIT 1*

APPROVED AS TO FORM:

THOMAS FREEDMAN, OSB #080697
Attorney for Plaintiff

DATED this 27 day of August, 2019.

CRAIG M. JOHNSON, OSB #080902
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

DATED this 6 day of August, 2019.

_/s/ Ashley M. Carter_
ASHLEY M. CARTER, OSB #165397
Portland City Attorney Office
Attorney for Defendant City of Portland

DATED this __5th__ day of August, 2019.

*EXHIBIT 1*